## In re CREVELING.

Court of Appeals of District of Columbia. Submitted May 9, 1927. Decided Feb. 6, 1928.

No. 1898.

Patents ☞120—Application for patent for extension of ordinary telephone receiver held properly rejected, on ground of double patenting.

Application for patent for device to serve as extension of ordinary telephone receiver, comprising a pair of auxiliary earpieces connected by sound tube, one of earpieces being provided with clips for removably attaching device to telephone receiver, *held* properly rejected, on ground of double patenting, in view of Wright, No. 447,858, Ferrington, No. 572,108, Creveling, No. 920,277, and Creveling, No. 1,204,136.

Appeal from Commissioner of Patents.

In the matter of the application of John L. Creveling. The tribunals of the Patent Office by concurrent decisions rejected the application for a patent, and applicant appeals. Affirmed.

J. L. Creveling, of Tucson, Ariz., in proper.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The tribunals of the Patent Office by concurrent decisions have rejected all of the claims of appellant's application for a patent. The claims are 12 in number of which the first will serve as an example, reading as follows:

"1. The combination with a telephone receiver, of means for carrying sound impulses therefrom to both ears of an operator comprehending an auxiliary ear piece in operative relation to said receiver adapting the receiver and auxiliary ear piece for use against the ear in substantially the usual manner that the receiver alone is used, a second auxiliary ear piece and a sound tube connecting the same with the first-mentioned auxiliary ear piece, the utility of the combination being affected by the relation of said tube to the operator, and means for attaching said sound carrying means in rotatable relation to the receiver permitting said means to be readily moved with respect to said receiver into a desired position of utility."

The references relied upon below are Wright et al., 447,858, March 10, 1891; Ferrington, 572,108, December 1, 1896; Creveling, 920,277, May 4, 1909; Creveling, 1,204,136, November 7, 1916.

The application discloses a device to serve as an extension of an ordinary telephone receiver, comprising a pair of auxiliary earpieces connected by a sound tube, one of the earpieces being provided with clips for removably attaching the device to the telephone receiver. The main ground of the rejection below was double patenting. The last two references above cited are prior patents granted to applicant in the same field, and

it is held by the lower tribunals that the present appealed claims do not define invention patentable over the former claims, particularly in view of the prior art as disclosed in Wright and Ferrington.

It appears that appellant has filed three applications on devices of this character. The first one was filed on July 27, 1908, and became patent No. 1,204,136, supra, granted November 7, 1916; the second became patent No. 920,277, supra, May 4, 1909. The third application is a division of the first, and was filed several weeks before patent No. 1,-204,136 upon the parent application was granted. Claims of patent No. 920,277, and all of the claims of patent No. 1,204,136, as well as all of the claims in this appeal, include in some form the means of connecting the telephone receiver with the auxiliary earpiece. In each case the telephone receiver is engaged by spring clips; in one instance the clips being mounted on a spring ring; in another the clips are mounted on a wide ring or band. In the present case the individual spring clips are fixedly secured to the auxiliary earpiece. In each case the free ends of the springs are made to engage the telephone receiver.

In appellant's application, filed November 5, 1908, he stated in part: "My invention pertains to that class of apparatus intended to be used in connection with the ordinary receiver of a telephone and has for its principal object to render the sound impulses emitted by a single telephone receiver audible to both ears of an operator instead of one only as is usual."

A comparison of the respective claims contained in the several applications convinces us that no new invention is disclosed by appellant in his present application, and that the claims thereof were rightly rejected on the ground of double patenting.

In Durham v. Seymour, 6 App. D. C. 78, this court said: "The application in this case, being for a like subject-matter, must be considered also in the light of another well-established rule, which is that no patent can be issued, especially to the same patentee, for an invention actually covered by the former, although the terms of the claims may be different; and that a second patent can be sustained only where it may cover matter de-described in the first, 'essentially distinct and separate from the invention covered thereby.'"

See, also, Miller v. Eagle Mfg. Co., 151 U. S. 186, 14 S. Ct. 310, 38 L. Ed. 121.

The decision of the Commissioner of Patents is affirmed.